### KRYSINSKI *v.* WHIPPLE.

VENDOR AND PURCHASER—ASSIGNMENTS—DECREE MODIFIED.

Where, in suit to determine validity of assignment of vendee's interest in land contract, it appears that vendee made two assignments, claiming the first one to be void because delivered without her consent and without performance by assignee, the finding of the court below that the first assignment was valid, and decreeing that assignee therein pay to vendee money paid on contract to vendor by assignee in second assignment, is modified, on appeal, and payment decreed to be made to second assignee.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted June 14, 1929. (Docket No. 113, Calendar No. 34,008.) Decided October 7, 1929. Rehearing denied March 7, 1930.

Bill by Rosie Krysinski against Howard Whipple, guardian of Elizabeth Whipple, to restrain enforcement of a judgment for restitution of land. Zofia Godynia and Joseph Basiak intervened, each claiming as assignee of Rosie Krysinski. From decree ordering payment by defendant Godynia to plaintiff, plaintiff and defendant Basiak appeal. Modified to require defendant Godynia to pay to defendant Basiak.

*Daniel H. Cronin,* for plaintiff.

*Anthony Nelson,* for defendant Godynia.

*Elmer Groefsema,* for defendant Basiak.

McDONALD, J. This bill was filed to restrain the defendant Whipple from enforcing a judgment for restitution of certain land of which Elizabeth Whipple owns the record title and in which the plaintiff claimed a vendee's interest by virtue of a land contract. Zofia Godynia and Joseph Basiak each claims an assignment from Mrs. Krysinski and because of their alleged interests were allowed to intervene as parties defendant. The issue between the plaintiff and the defendant Whipple was settled. The only question involved on the hearing of the cause was the validity of the assignments to Mrs. Godynia and Mr. Basiak. The court found against the claim of Basiak but sustained the validity of the assignment to Mrs. Godynia and entered a decree accordingly. The plaintiff and the defendant Basiak have appealed.

The issue is solely one of fact. It concerns the two assignments of the plaintiff to Mrs. Godynia and Mr. Basiak. The assignment to Mrs. Godynia was executed on January 24, 1925. She owned an equity

in Detroit property which she agreed to exchange for the plaintiff's equity in the Oakland county farm. It is the plaintiff's claim that the exchange was never completed; that the assignment was executed and left in escrow with Bonislawska and Nowakowski, real estate agents, with instructions to hold it until Mrs. Godynia had furnished an abstract for examination; that the abstract was not furnished; that the assignment was delivered contrary to her instructions, and therefore she refused to recognize its validity.

This claim is not supported by the weight of the evidence. In the transaction, the plaintiff was represented by her husband and Mr. Nowakowski, a real estate agent. Mr. Nowakowski testified that the abstract was furnished before the delivery of the assignment, and that Mr. Krysinski told him it had been examined by his attorney. The other real estate agent represented Mrs. Godynia. He testified that he got the abstract from Mr. Godynia and delivered it to Mr. Krysinski, that Krysinski returned it in a few days and said he was satisfied. Their testimony is supported by Mr. Godynia and by their stenographer who wrote the assignment and who testified that immediately thereafter it was delivered to Mr. Krysinski in the presence of all of the parties. This testimony leaves no doubt that the agreement for the exchange of properties was fully consummated and the assignment was properly delivered in accordance therewith.

The assignment to Joseph Basiak was executed and recorded nearly a year later. The trial court did not believe it was a good-faith transaction. The following excerpt from his opinion has our approval:

"Upon the hearing, however, the claim of Basiak was almost entirely without support, and I do not

believe it will be seriously controverted that the assignment to him was not a *bona fide* transaction. He claims that Mrs. Krysinski was indebted to him ·for various small loans, which at the end of 1925 totaled over $1,000, and on January 4, 1926, he paid her $200 more, in consideration of which she assigned all of her interest in the contract. Krysinski's present attorney for a time also represented Basiak's interest in the case, but at the trial his interest was represented by counsel who apparently shares an office with counsel for the Krysinskis. Neither Basiak nor his attorneys took an active part in the trial, and were present but a small portion of the time. The real parties at interest were obviously the Krysinskis, and I have no hesitancy in concluding that the assignment from Mrs. Krysinski to Basiak was not a *bona fide* transaction and was made for the purpose of preventing action on her previous assignment of the contract to Mrs. Godynia.''

On the ground of newly-discovered evidence and for other reasons, the appellants moved for a rehearing. The hearing was had on affidavits for and against the motion. At its conclusion the trial court said:

''This case presents one of the most flagrant exhibitions of reckless disregard of the truth that has ever come to my attention. Practically every witness for both parties contradicts every bit of material evidence offered by the opposite side. The affidavits presented both for and against the motion for a new trial have been referred to the prosecuting attorney with instructions to institute an investigation under the so-called 'one man grand jury statute,' and to issue warrants for perjury if a sufficient foundation can be established. I am unable at this time to determine which witnesses to believe, and am inclined to the opinion that but little reliance

can be placed in the testimony of any of the witnesses except as corroborated by documentary evidence.

"The decree in this case was based upon a written assignment of a contract, and I prefer to accept this written instrument and to give effect to it, rather than accept oral testimony of witnesses in denial of its provisions."

We do not deem it advisable to extend this opinion by an analysis of the sharply conflicting testimony presented by the affidavits in question. We have carefully read them and agree with the conclusion reached by the trial judge. His decree is affirmed except as to that provision which requires Mrs. Godynia to pay to the plaintiff the sum of $2,796.23. The plaintiff claims no interest in this money. It belongs to Mr. Basiak. He paid it to the vendor when he received his assignment. If it has been credited on the contract, it should be returned to Basiak by Mrs. Godynia. The decree should so provide. The defendant Godynia will have costs against the plaintiff.

NORTH, C. J., and FEAD, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.